Quinn *v*. First Nat. Bank *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed July 17, 1934.

FRANK S. DARWIN, of Chattanooga, Guardian *ad Litem*, for appellants.

THOMAS, THOMAS & FOLTS and WILLIAM G. BROWN, of Chattanooga, for appellee.

STRANG, FLETCHER & CARRIGER, of Chattanooga, *amici curiae*.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In 1928 complainant and her husband conveyed in trust to the Chattanooga Savings Bank & Trust Company, for the benefit of herself and her two minor children and such other children as might be born to her, certain real estate in Chattanooga. The property was heavily incumbered. The instrument provided that the income thereon, after payment of carrying charges, should be paid to complainant so long as she lived. Her children

were to receive, after the death of the mother, the income only until they reached 21 years of age, when the trust estate would pass to them.

The instrument empowered the trustee to dispose of the real estate and substitute the net proceeds for the equity in the real estate. This the trustee did, realizing something over $14,000, which was invested in 6 per cent. participation certificates in a real estate pool controlled by the trustee. This pool is in process of liquidation. No payments have been made to complainant since January, 1933. It is conceded that the face, or par, value of the certificates will not be realized. A dividend, or partial distribution, is anticipated, and complainant seeks a decree construing the trust instrument and instructing the trustee with respect to the proper apportionment to be made between complainant, to whom the income for her life was reserved, and her children, to whom the remainder goes.

The learned chancellor was of opinion that it was consistent with the intent of the makers of the trust, and with the demands of justice and equity, that such losses, or diminution in value of the trust estate as may result, or have resulted, should be apportioned between the beneficiaries, the loss to be charged proportionately to the income and the *corpus*.

In concluding his findings and reasoning, in which we concur, the chancellor thus states the rule for allocation of the fund distributed as follows:

"In order to determine what part shall be allocated to *corpus* and what to income we will take such sum as, with interest thereon from the last interest payment to the date of the payment of the dividend, would produce the

sum paid as a dividend. In other words, if, in this case, there should be paid $7,000.00 on the liquidation of the participation certificates held in this trust, then the sum to be allocated to *corpus* would be such sum as if placed at interest at the time of the last payment of interest on the participation certificates to the date of the payment, would produce $7,000.00.''

Another illustration may be thus stated: ''Assuming a dividend or distribution as of July 1, 1934, of $1,000, the income allocation is 9 per centum (covering the eighteen months since January 1, 1933) of such proportion of the $1,000 received as plus 9 per centum thereof will equal $1,000. This may be arrived at by dividing 1,000 by 109; the result being the proper *corpus* allocation, and the difference between this result and $1,000 being the income payable to the complainant under this decree.

He cites in support of this rule the following authorities: 65 C. J., 822, 823; *Tuttle's Case*, 49 N. J. Eq., 259, 24 A., 1; *Hagan* v. *Platt*, 48 N. J. Eq., 206, 21 A., 860; *Meldon* v. *Devlin*, 31 App. Div., 146, 53 N. Y. S., 172; *Parsons* v. *Winslow*, 16 Mass., 361; *Greene* v. *Greene*, 19 R. I., 619, 35 A., 1042, 35 L. R. A., 790.

The guardian *ad litem* has appealed and insists that this ruling permits an encroachment on the *corpus* which is not warranted by the provisions of the trust.

It appears to have been in the contemplation of the complainant and her husband, in creating this trust, that the complainant should primarily have the use and enjoyment of the income on the property during her life. That it was the primary purpose of the makers that this wife and mother should receive during her life an income

return on whatever value for income purposes the equity in this real estate might prove to have in the hands of the trustee is, we think, fairly to be deduced from the relationship of the parties and consistent with the terms of the trust instrument. Why in reason should this complainant cut herself off from enjoyment of this income while she lived and cared for her children for whom she was endeavoring to provide after her death? Counsel treat the use in the instrument of trust of the phrase ''if any'' as significant of an intention to limit the rights of the life beneficiary. This expression occurs in the clause of the instrument which directs the trustee to apply the income received from the real estate to the payment of ''taxes, insurance and interest on the encumbrances on said real estate, and the balance, if any, to be paid to Mary Chappel Anderson Quinn during her life, and on her decease, to the minor children,'' etc. Such limitation as is here implied should be related to the direction being given in the context to the trustee in the handling of the real estate, incumbered as it was, rather than to the discharge of the trust if and when value should be ascertained and realized for the trust estate, at the time of the making of the instrument represented by an equity only of problematical value. This direction was essential to the creation of any trust estate of any value at all. We do not understand the use of this expression to be inconsistent with the declared purpose to reserve to the life beneficiary the income for her life on whatever value for income purposes the estate should prove to have. It is apparent that the trust fund was from the beginning of an unfixed or undetermined amount, dependent on variable conditions affecting its value. It originally consisted

of an equity only in real estate heavily incumbered. Probably if sold later it would have yielded less, if anything. The substituted estate has now suffered depreciation. It is the body or *corpus* of the trust estate which has proven to be less than at one time apparent. The provision of the trust was, in substance and effect, that the income on whatever the trust property might prove to be worth for net income purposes should go to the complainant during her life, the fund itself, whatever it might prove to be, to go to the children. We think the circumstance noted, that is, that the *corpus* was not originally a sum fixed, is a consideration supporting the view of the chancellor. The result is to give to the complainant income on such value as the estate placed in trust by her has actually proved to possess; this actual value remaining to the children. In this view, the proportion of the distribution thus awarded to complainant is not a deduction from the *corpus*, but is income only on such *corpus* as from time to time exists.

Error is assigned on the ground that possible unborn children are necessary parties, but we think the court may properly decree in construction of a trust when all parties in being are before the court; the unborn class being represented. See Chambliss Gibson, section 92, par. 4, and notes.

The allocations as directed by the chancellor's decree will be made from time to time as dividends or distributions are made and come into the hands of the trustee.