CATE *v*. HAMILTON NAT. BANK OF CHATTANOOGA.

(*Knoxville*, September Term, 1941.)

Opinion filed November 29, 1941.

THOMAS, FOLTS & BROWN, of Chattanooga, for appellant.

CANTRELL, MEACHAM & MOON, of Chattanooga, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

Alice I. Cate, deceased, devised the residue of her estate to the Chattanooga Savings Bank & Trust Company, as trustee with direction that the trustee should keep the trust property invested in such form as to produce the greatest possible income consistent with safety and prudent management and pay over the net income and profit thereof to her son, Frank W. Cate, complainant herein, so long as he shall live, and if he should leave issue living at the date of his death, then the entire trust property to vest in such issue, free and discharged of any trust; that if Frank W. Cate should leave no issue surviving at the time of his death then the entire trust estate to vest equally in certain named nieces of the testatrix.

The Chattanooga Savings Bank & Trust Company was succeeded as trustee, under the will of Alice I. Cate, by the First National Bank of Chattanooga, and it, in turn, was succeeded as such trustee by defendant herein, the Hamilton National Bank of Chattanooga.

Defendant trustee has received dividends, belonging to the trust estate, from three sources, as follows:

(1) E. H. Lawman, Receiver of the First National Bank Participation Certificate Pool, $10,544.51.

(2) Special recovery against First National Bank by petition in the Shinbaum case, $2,012.39.

(3) E. H. Lawman, Federal Receiver of the Shinbaum judgment, $1,089.47.

Dividends received from the first source, resulting from the liquidation of the First National Bank Participation Certificate Pool, are not in question in this case, and need not be further considered. As to funds received from

the second and third sources, complainant asserts he is entitled to an equitable apportionment between him, as life beneficiary, and the trust principal. Defendant contends that complainant is not entitled to an equitable apportionment, but the whole should be restored to principal.

The chancellor sustained the contention of defendant, and dismissed the bill. Complainant has appealed and assigned errors.

Subparagraph 7 of Item 2 of the will of Mrs. Cate is as follows:

"The principal purpose and object of this will is to preserve my estate during the life of my son against all contingencies arising out of misfortune or improvidence; and to provide, so far as possible, for his personal needs. I have from time to time since my said son reached the age of twenty-one years advanced him considerable sums of money. It is not my intention to devote any part of my estate to satisfy the demands or the rights of any person or persons who are not of my blood, whether such rights or demands grow out of any obligation or liability of my son or not. This whole will shall be so construed as to best effectuate my purpose as set forth in this sub-section seven thereof."

The principal object of the trust was, we think, to assure the son by the creation of the trust a living out of the income. The son was doubtless the nearest and dearest object of the testatrix's solicitude. We are unable to agree with the argument advanced by defendant that the primary object of the testatrix was to preserve her estate in the hands of the trustee intact, for the benefit of the remaindermen.

In *Quinn* v. *First National Bank,* 168 Tenn., 30, 73 S.

252

W. (2d), 692, it was held that a life beneficiary of a trust, the purpose of which was to provide an income to such beneficiary, was entitled to apportionment out of the liquidating dividends paid on the same Participation Certificate Pool as was the money received by the Trustee herein shown under the first item above set out. While recognizing the application of the rule of the Quinn case to dividends paid by the Receiver Lawson toward the liquidation of the frozen certificate investment, the trustee denies the application of the rule to the last two items above set forth, that is to the $2,012.39 and the $1,089.47 received in the Shinbaum case.

The recovery amounting to $2,012.39 resulted from a petition filed by the present trustee against the First National Bank in the Shinbaum case. This recovery constituted damages from breach of trust for wrongful investment of trust funds. Such loss and damage was settled at twenty per cent of the face of the certificates purchased, which certificates because of their illegal nature for trust purposes, were, when purchased, twenty per cent less in value than the amount paid for them. Thus there resulted an immediate loss of principal, before any interest accrued. The $1,089.47 was received by the trustee from Federal Receiver on the Shinbaum judgment.

All recoveries by the trustee were from the frozen nonproductive investment. The rule applied in the Quinn case is, we think, applicable to the $2,012.39 and the $1,089.47 items of recovery for the same reason that it is applicable to the dividends received from the Receiver of the First National Bank Participation Certificate Pool, being item one above set out. When these liquidating dividends are assembled, they are (1) corpus and (2)

income of the life beneficiary for the time the investment being salvaged failed to yield an income.

Our conclusion is that complainant is entitled to the equitable apportionment of the aforementioned dividends received by the trustee between corpus and income as prayed in the bill. The decree of the chancellor is, therefore, reversed and the cause remanded for such further proceedings as may be necessary. Defendant, trustee, will pay the costs accrued in the case out of the trust estate.